STATE OF LOUISIANA

COURT OF APPEAL, THIRD CIRCUIT

05-491

STATE OF LOUISIANA
WILLIAM E. TILLEY, DISTRICT ATTORNEY

VERSUS

JAMES HENRY JONES

**********
APPEAL FROM THE
THIRTIETH JUDICIAL DISTRICT COURT
PARISH OF VERNON, NO. 60,268 & 61,515
HONORABLE VERNON B. CLARK, DISTRICT JUDGE
**********

GLENN B. GREMILLION
JUDGE

**********

Court composed of Glenn B. Gremillion, J. David Painter, and James T. Genovese, Judges.

AFFIRMED.

Hon. William E. Tilley
District Attorney - 30th JDC
P.O. Box 1188
Leesville, LA 71446-1188
(337) 239-2008
Counsel for Plaintiff/Appellee:
    State  of Louisiana

James Henry Jones
J.L.D.C.C.
4 West 19, 1453 15th St.
Pineville, LA 71360
In Proper Person:
    James Henry Jones

GREMILLION, Judge.

The defendant, James Henry Jones, appeals from the judgment of the trial court denying his motion to recover his vehicle, which was seized in conjunction with his arrest on drug charges. For the following reasons, we affirm.

**FACTS**

On February 22, 2001, two vehicles were stopped by the Vernon Parish Narcotic Task Force on Louisiana Highway 171 North at Research Station Road. A 1994 Cadillac Deville was owned by Jones, but was being operated by Elbert Marbury, IV. A 1987 Cadillac Deville was owned by Marbury, but was being operated and occupied by Jonathan Paul Holmes and Glenn Michael Holmes, respectively. Upon questioning Marbury and the Holmeses, the officers determined that Jones had hired the other three to accompany him to Houston, Texas, in order to purchase and transport marijuana back to Leesville. A search of the 1987 Cadillac revealed approximately five pounds of marijuana. Although Jones was not arrested immediately, the officers determined that he was the ringleader of the operation and later arrested him and confiscated his vehicle. He was later convicted on the charge of conspiracy to possess marijuana, with the intent to distribute, and was sentenced to twelve years at hard labor and fined $2500.

On March 9, 2001, a Warrant of Seizure Pending Forfeiture was issued by the trial court ordering the seizure of the 1994 Cadillac, the marijuana, and a Nokia cellular telephone. On April 10, 2001, a Judgment of Forfeiture was rendered in favor of the State. On November 30, 2004, Jones filed a Motion for Return of Seized

1

Property seeking the return of the 1994 Cadillac. This motion was denied by the trial court on December 8, 2004. Jones' appeal followed.

**FORFEITURE**

The forfeiture of items seized in conjunction with drug charges is provided for in Chapter 26 of Title 40. La.R.S. 40:2601 et. seq. Pursuant to La.R.S. 40:2608(1)(a), a district attorney has 120 days in which to initiate forfeiture proceedings against property seized in accordance with this chapter by sending a Notice of Pending Forfeiture to the property's owner or interest holder.

> Notice is effective upon personal service, publication, or the mailing of a written notice, whichever is earlier, and shall include a description of the property, the date and place of seizure, the conduct giving rise to forfeiture or the violation of law alleged, and a summary of procedures and procedural rights applicable to the forfeiture action.

La.R.S. 40:2608(4).

Jones, representing himself in proper person, argues that the trial court's judgment is in derogation of La.R.S. 40:2608, as it fails to show the date and place of the 1994 Cadillac's seizure. However, his Motion for Return of Seized Property was not filed until November 30, 2004. Louisiana Revised Statute 40:2610 provides that an owner of an interest in property seized for forfeiture must file a claim within thirty days of receiving the Notice of Pending Forfeiture. The statute further provides that "[n]o extension of time for the filing of a claim shall be granted." *Id.* The trial court rendered a Judgment of Forfeiture on April 21, 2001. Although Jones' copy of the Notice of Pending Forfeiture is not dated, he had thirty days from receipt of the notice to file a claim in this matter. As no extensions are allowed, his November 30, 2004 filing is untimely. Accordingly, this assignment of error is without merit.

2

**CONCLUSION**

For the foregoing reasons, the judgment of the trial court is affirmed.

The costs of this matter are assessed to the defendant-appellant, James Henry Jones.

**AFFIRMED.**